UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **HENRY M. SCOTT, JR.** | **CASE NO. 6:21-CV-03158 SEC P** |
| **VERSUS** | **JUDGE MICHAEL J. JUNEAU** |
| **SHERIFF'S OFFICE OF LAFAYETTE PARISH** | **MAGISTRATE JUDGE WHITEHURST** |

## MEMORANDUM ORDER

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* by *pro se* plaintiff Henry M. Scott, Jr., on September 27, 2021. Plaintiff is an inmate incarcerated at the Lafayette Parish Correctional Center (LPCC), in Lafayette, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff alleges that on March 5, 2021, he was involved in a physical altercation with another inmate, Alfred Glover, wherein he suffered injuries to his left hip, "all the way down to [his] ankle." Doc. 7, p. 3. He suffers from anxiety when he attempts to walk on his left leg. He complains that Deputy McBride left him with Inmate Glover after observing they were in a physical altercation and allowed the inmates to break up the fight. *Id.* He names only the Lafayette Parish Sheriff's Office as a defendant. Doc. 7, p. 3.

## LAW AND ANALYSIS

### *1. Rule 8 Considerations*

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege **specific facts which support the conclusion that his constitutional rights were violated by each person who is named as defendant.** This conclusion must be supported by specific factual allegations stating the following:

> (1) **the name(s) of each person who allegedly violated plaintiff's constitutional rights;**
>
> (2) **a description of what actually occurred or what each defendant did to violate plaintiff's rights;**
>
> (3) **the place and date(s) that each event occurred; and**
>
> (4) **a description of the alleged injury sustained as a result of the alleged violation.**

Plaintiff should amend his complaint to provide the information required by Rule 8.

### *2. Failure to Protect*

To the extent that plaintiff is making a claim that the prison officials failed to protect him from an attack by an inmate, he should first confirm that he is a pretrial detainee. Pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment. See *Cupit v. Jones*, 835 F.2d 82, 84-85 (5th Cir. 1987). To succeed in a § 1983 action based on "episodic acts or omissions" in violation of Fourteenth Amendment rights, a pretrial detainee must show subjective deliberate indifference by the defendants. *Hare v. City of Corinth,* 74 F.3d 633, 643 (5th Cir. 1996) (en banc); *Alderson v. Concordia Par. Corr.*

*Facility,* 848 F.3d 415, 419 (5th Cir. 2017) (subjective deliberate indifference standard applies to all failure to protect claims, regardless of whether the plaintiff is a pretrial detainee or a prisoner).

Prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates. See *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). Prison officials are not, however, expected to prevent all inmate-on-inmate violence. *Id*. at 834. Prison officials can be held liable for their failure to protect an inmate only when they are deliberately indifferent to a substantial risk of serious harm. See *id*. A prison official is deliberately indifferent if he knows of an "excessive risk to inmate health or safety" and disregards that risk. *Id*. at 837. A prison official "knows of" an excessive risk only if: (1) he is aware of facts from which he could infer that a substantial risk of serious harm exists; and (2) he draws the inference. *Id*. In other words, in order to be deliberately indifferent, a prison official must be subjectively aware of the risk. *Id*. at 839-40.

"Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference." *Alton v. Tex. A & M Univ*., 168 F.3d 196, 201 (5th Cir. 1999). To reach the level of deliberate indifference, official conduct must be "wanton," which is defined to mean "reckless." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985); *Alderson*, 848 F.3d at 420.

To the extent that plaintiff is suing governmental officials in their individual capacities, he must allege specific conduct giving rise to a constitutional violation. *Oliver v. Scott,* 276 F.3d 736, 741 (5th Cir. 2002) (citing *Anderson v. Pasadena Indep. Sch. Dist*., 184 F.3d 439, 443 (5th Cir. 1999)). This standard requires more than conclusory assertions.

The plaintiff must allege specific facts giving rise to a constitutional violation. *Id*. (citing *Baker v. Putnal*, 75 F.3d 190, 194 (5th Cir. 1996)).

Plaintiff must amend to state whether he intends to name Deputy McBride as a defendant and if he does, he should allege facts indicating that McBride had specific knowledge that he faced a substantial risk of harm by the inmate or inmates that attacked him. He should state facts which indicate that McBride acted wantonly or recklessly and with deliberate indifference. What was happening just prior to the attack? Dd McBride have prior knowledge of the attack? How long did the attack last? What prompted the attack to end?

3. *Failure to provide medical care*

Plaintiff also suggests that he has been denied prompt and adequate medical attention following the physical altercation. As a pretrial detainee, Plaintiff's constitutional rights flow from the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment prohibition against cruel and unusual punishment. Because they have not yet been convicted of the crime with which they are charged, pretrial detainees have a due process right not to be punished for that crime. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The standard to apply in analyzing a denial of medical care claim asserted by a pretrial detainee depends upon whether the claim is directed to a "condition of confinement" or to an "episodic act or omission." *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997), quoting *Hare v. City of Corinth*, 74 F.3d 633, 644 (5th Cir. 1996). Plaintiff's complaint is directed to an episodic act or omission. Under the "episodic act" standard, "a state official's episodic act or omission violates a pretrial detainee's due process right to medical care if the official

4


acts with subjective deliberate indifference to the detainee's rights." Thus, the plaintiff must show both that he suffered a sufficiently serious deprivation and that this deprivation was brought about by the deliberate indifference of prison officials. *Hare*, 74 F.3d at 643 and 650.

This is the same standard applicable to convicted prisoners whose claims are analyzed under the Eighth Amendment. In order to prevail on such claims, convicts must establish that the delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97 (1976). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted).

Plaintiff's allegations herein are insufficient. He should amend his complaint to provide the following:

1. The type of treatment, if any, he was given;
2. The medication he was given;
3. The treatment and medication he claims that he is entitled to;
4. The injuries and the harm sustained as a result of the defendants' fault;
5. Facts which tend to establish deliberate indifference on the part of each defendant;
6. A more detailed description of his medical condition;

7. Whether he was seen by a doctor at LPCC and, if so, the date on which he was seen, the name of the doctor, and the diagnosis/recommendation of this doctor;

8. A diagnosis given by any medical professional;

9. Copies of grievance forms/request forms sent to prison officials; and

10. Copies of any correspondence received from prison doctor or nurse;

If unable to provide copies of request forms/grievance forms/correspondence, please provide date each was sent, name of prison official it was sent to and description of contents. If unable to provide copies of correspondence received from prison doctor or nurse, please provide date each was received, from whom it was received and description of contents.

Before this court determines the proper disposition of plaintiff's claims, plaintiff should be given the opportunity to remedy the deficiencies of his complaint. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Accordingly;

**THE CLERK IS DIRECTED** to serve the plaintiff with a copy of this Order.

**IT IS ORDERED** that plaintiff amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and alternatively, dismiss those claims plaintiff is unable to cure through amendment. Specifically, but not exclusively, plaintiff shall name individual defendants and precisely state what each named defendant did to violate plaintiff's constitutional rights. **Plaintiff shall also address the**

6

concerns set forth above with regard to the issue of whether or not administrative remedies have been properly exhausted.

Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address under U.L.R. 41.3W.

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 12th day of November, 2021.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE